**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4286

UNITED STATES OF AMERICA,

Plaintiff - Appellee.

v.

TERRANCE DEVON PETTIFORD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:23-cr-00199-TDS-1)

Submitted:  April 11, 2025                    Decided:  July 24, 2025

Before WYNN and BENJAMIN, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Devon Pettiford pled guilty, pursuant to a plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  The district court sentenced Pettiford to 70 months of imprisonment, above the 51- to 63-month Sentencing Guidelines range.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but questioning whether the district court erred in applying a four-level increase under the Guidelines for possession of a firearm in connection with another felony offense and whether the sentence is substantively unreasonable.  Pettiford filed a pro se brief also challenging the reasonableness of the sentence.  For the following reasons, we affirm.

We "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse of discretion standard." *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024).  "In determining procedural reasonableness, [we] consider[] whether the district court properly calculated the defendant's [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *United States v. Jackson*, 127 F. 4th 448, 454 (4th Cir. 2025) (internal quotation marks omitted). "When determining whether the district court properly applied the advisory Sentencing Guidelines, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *Claybrooks*, 90 F.4th at 253 (internal quotation marks omitted).

However, we can determine that asserted errors in the application of the Guidelines do not require reversal if they are harmless, by determining that "(1) the district court would

2

have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (cleaned up). "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to [18 U.S.C.] § 3553(a) and are plausible." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019) (internal quotation marks omitted). Here, the district court explicitly stated that irrespective of the correct Guidelines range, a 70-month sentence was warranted under the § 3553(a) factors, namely respect for the law and protecting the public. Therefore, we conclude that the district court would have imposed the same sentence even if it had decided the challenged Guidelines calculation in Pettiford's favor.

We further conclude that the 70-month upward variance sentence is substantively reasonable based on the factors identified by the district court. The court discussed the seriousness of Pettiford's offense, noting that he did not use the firearm during the offense. The court also acknowledged Pettiford's age and substance abuse history and commended him for earning his high school degree while incarcerated, but determined that the need to deter Pettiford and protect the public outweighed these factors. Specifically, based on Pettiford's extensive history of firearm-related offenses, many of them violent, the court was concerned with deterring Pettiford's criminal activity and protecting the public from him. In addition, the court cited the fact that Pettiford committed the instant offense only two months after being released from his most recent incarceration for a violent offense involving a firearm. We therefore conclude that the upward variant sentence is substantively reasonable.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Pettiford, in writing, of the right to petition the Supreme Court of the United States for further review. If Pettiford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pettiford.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*